UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY G. WILKINSON,<br><br>   Plaintiff,<br><br>   v.<br><br>EL DORADO COUNTY HEALTH AND HUMAN SERVICES AGENCY, et al.,<br><br>   Defendants. | No. 2:24-cv-01742-TLN-SCR<br><br>ORDER |

Plaintiff is proceeding pro se in this action. This matter was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the required declaration. *See* 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

I.   SCREENING

A.   Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In

1

reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

      B.     <u>The Complaint</u>

Plaintiff's complaint is 33 pages long with approximately 130 pages of attachments.  ECF No. 1.  It purports to be a "civil rights action" and alleges that Plaintiff was unconstitutionally deprived of "fundamental parental rights over his minor daughter."  ECF No. 1 at ¶ 1.  Plaintiff alleges that he is the father of his minor daughter, and that the child's mother was "deemed an unfit parent and stripped of custody rights" via court order in 2018.  *Id.* at ¶¶ 3-4.  Plaintiff contends Defendant El Dorado County Health and Human Services Agency ("El Dorado CHHSA") began an investigation into his family situation, after receiving a complaint from his daughter's aunt, in April/May 2024.  *Id*. at ¶ 13.  Plaintiff alleges that the aunt, Jessica Liddell, improperly influenced his daughter into fabricating allegations against him.  *Id*. at ¶ 14.  Plaintiff claims that El Dorado CHHSA concluded that the allegations were substantiated and imposed restrictions on his parental rights, without a court weighing in via a fair trial, which was set for June 21, 2024.[1]

Plaintiff alleges this court has federal question jurisdiction over his claim under 42 U.S.C. § 1983.  *Id.* at ¶ 17.  Plaintiff alleges he is a "citizen of heaven and a non-adverse, non-belligerent, non-combative, peaceful, flesh and blood, living man" and that his daughter is 13 years old.  *Id.* at ¶ 19.  Plaintiff names as Defendants El Dorado CHHSA, and seven employees of El Dorado CHHSA.  Plaintiff alleges he served some of the Defendants with "interrogatories and evidentiary demands" prior to filing this action.  *Id.* at ¶ 29.  He states he is "employing novel legal theories and strategies" and "principles of private administrative process to hold the defendants

---

[1] Plaintiff filed this action on June 20, 2024, one day before he was allegedly set to have a trial in state court.

contractually liable and accountable for constitutional violations." ECF No. 1 at ¶¶ 37, 40.

Much of the complaint concerns Plaintiff's pre-suit legal strategies and attempts to use interrogatories, evidentiary demands, and affidavits. Plaintiff complains his First Amendment rights were violated because Defendants did not respond by providing "documentation regarding applicable bonds and insurance." *Id*. at ¶ 61. Plaintiff claims Defendant Jacob Rodgers, a CPS investigator, violated the Fourth Amendment rights of his daughter by looking at text messages on his daughter's phone, a phone that had been purchased by her grandfather. *Id*. at ¶ 66. Plaintiff also appears to allege that his due process rights were violated by an unfair investigation. *Id.* at ¶ 67.

The complaint contains ten counts: 1) substantive due process under the 14th amendment; 2) procedural due process under the 14th amendment; 3) violation of privacy; 4) 1st amendment right to petition; 5) equal protection under the 14th amendment; 6) confrontation and compulsory process under the 6th amendment; 7) "deprivation of rights under color of law"; 8) "lack of statutory authority and ultra vires"; 9) "breach of public trust, fiduciary duty, involuntary servitude, civil conspiracy, and supervisory liability"; and 10) breach of contract. ECF No. 1 at 19-31. The complaint seeks declaratory, injunctive, and monetary relief.

C. <u>Analysis</u>

Plaintiff's complaint concerns child custody proceedings in state court. Plaintiff names as defendants El Dorado CHHSA and seven individual defendants, most of them social workers. Plaintiff's legal claims are somewhat conclusory. Plaintiff alleges violation of due process, but it is unclear in what manner Plaintiff contends he was denied process, or what additional process was due. The factual allegations in the complaint describe an investigation and court proceedings, and Plaintiff filed this suit just one day before the matter was to go to trial in state court. Plaintiff alleges violation of his First Amendment right to petition, but he is currently litigating the matter in both state and federal court. Plaintiff's fifth count for violation of equal protection is entirely conclusory. Plaintiff alleges violation of the Sixth Amendment, but the Sixth Amendment provides rights to criminal defendants and Plaintiff does not allege he was a defendant in a criminal proceeding. Plaintiff's seventh count alleges "deprivation of rights" in a

1   conclusory manner.  ECF No. 1 at ¶¶ 109-115.  Plaintiff alleges that Defendants were
2   governmental employees, in that they worked for CPS, but also contends they were "improperly
3   masquerading as a government entity" and "impersonating governmental officials."  ECF No. 1 at
4   ¶¶ 111-113.

5   Plaintiff's eighth count makes allegations collectively against "all Defendants" and
6   contends they exceeded statutory authority and acted "ultra vires."  *Id.* at ¶¶ 116-123.  Plaintiff
7   claims that Defendants "unilaterally terminat[ed] or condition[ed]" his parental rights based on
8   "unproven allegations and without a court weighing evidence at a fair hearing."  *Id.* at ¶ 118.
9   However, this allegation is contradicted by the factual allegations of the complaint.  Plaintiff
10  contends that Defendants conducted an investigation and found the allegations were substantiated
11  and that a trial had been set for June 21, 2024.  *Id.* at ¶¶ 13-16.  Plaintiff does not make factual
12  allegations that his parental rights were terminated, apparently because he filed this lawsuit before
13  those state court proceedings had concluded.  Instead, Plaintiff alleges in conclusory fashion that
14  Defendants "imposed severe restrictions on Plaintiff's fundamental parental rights."  *Id.* at ¶ 16.

15  Plaintiff's ninth count is titled: "Claim of breach of public trust, fiduciary duty,
16  involuntary servitude, civil conspiracy, and supervisory liability," and appears to improperly
17  include several claims within the same count.  In addition to the five claims named in the title,
18  Plaintiff also argues a § 1983 claim for due process within this section, even though the due
19  process claim was already Counts I and II.  *Id.* at ¶ 132.  Plaintiff's tenth and final count is
20  entitled breach of contract.  This count discusses pre-suit mailings of medical releases and
21  interrogatories (that were perhaps mailed as part of the state court litigation).  Plaintiff contends
22  that Defendants' failure to respond entitles him to liquidated damages of $1,000,000.  *Id.* at ¶ 145.

23  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a
24  method for vindicating federal rights elsewhere conferred.'"  *Graham v. Connor*, 490 U.S. 386,
25  393–94 (1989).  A plaintiff alleging a claim under § 1983 must plead that (1) the defendants
26  acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or
27  federal statutes.  *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021).
28  Plaintiff's complaint frequently refers to the Defendants collectively and he does not explain how

specific defendants, acting under color of state law, violated his Constitutional rights. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

To be sure, there is a constitutional right to familial association. *See David v. Kaulukukui*, 38 F.4th 792, 799 (9th Cir. 2022) ("The interest of parents in the care, custody, and control of their children—is perhaps the oldest of the fundamental liberty interests recognized by the Supreme Court.") (cleaned up). "For parents, the right to familial association is generally grounded in the Fourteenth Amendment's Due Process Clause." *Id.* Plaintiff has not alleged a factual basis for a violation of due process, or that he lost custody of his daughter. The allegations appear to be that his daughter's mother lost custody in 2018 (ECF No. 1 at ¶¶ 4-5) and that his daughter was living with him. *Id.* at ¶ 9 (alleging Plaintiff "provided a stable, loving home environment"). Plaintiff alleges that due to car troubles, he began homeschooling his daughter in the 2022/2023 and 2023/2024 academic years. *Id.* at ¶ 11. Plaintiff then alleges that El Dorado CHHSA began an investigation into his family situation after receiving allegations from his daughter's aunt. *Id.* at ¶ 13. Again, Plaintiff alleges the investigation found the allegations substantiated and that the matter was set for trial on June 21, 2024. *Id.* at ¶ 16.

Plaintiff also makes many allegations about pre-trial procedures in state court. He makes allegations about serving a "notice of conditional acceptance" and interrogatories and evidentiary demands. ECF No. 1 at ¶¶ 29-41. Plaintiff also claims he served an affidavit and claims that the Defendants' failure to respond creates legal presumptions. *Id.* at ¶ 42. A plaintiff cannot generally maintain a lawsuit based on how a party conducted discovery in another lawsuit. See *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008) ("Conduct incidental to a lawsuit, including a pre-suit demand letter, falls within the protection of the *Noerr-Pennington* doctrine."); *see also Rubin v. Green*, 4 Cal.4th 1187, 1193 (1993) ("For well over a century, communications with 'some relation' to judicial proceedings have been absolutely

6

immune from tort liability by the privilege codified as section 47(b).")[2]  The *Noerr-Pennington* doctrine "derives from the Petition Clause of the First Amendment and provides that those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Kearney v. Foley & Lardner*, LLP, 590 F.3d 638, 643-44 (9th Cir. 2009).  This petitioning conduct includes litigation in state and federal courts.  *Id.*  "[D]iscovery is incidental to litigation and comes within the *Noerr-Pennington* doctrine if the underlying litigation is protected by the Petition Clause." *Id.* at 646.  Plaintiff fails to state a claim based on the manner in which Defendants did, or did not, respond to correspondence and discovery in state court proceedings.

Many of the named Defendants herein are social workers.  "[S]ocial workers have absolute immunity when they make 'discretionary, quasi-prosecutorial decisions to institute dependency proceedings to take custody away from parents.'"  *Beltran v. Santa Clara County*, 514 F.3d 906, 908 (9th Cir. 2008) (en banc), quoting *Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003) (en banc).  However, for other tasks, social workers have only qualified immunity.  *See Miller*, 335 F.3d at 898.

The in forma pauperis statute, 28 U.S.C. § 1915(e), provides that this Court "shall dismiss the case at any time" if it determines that the action fails to state a claim on which relief may be granted.  The Court finds that Plaintiff fails to state a claim.  However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  Rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege sufficient factual content to state a claim for relief that is plausible on its face.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction.  In addition, it must contain a short and plain

---

[2] This is a reference to California Civil Code section 47.

statement of plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court and the defendants to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint should contain specific allegations as to the actions of each named defendant rather than making conclusory allegations that the defendants collectively violated plaintiff's rights.  The amended complaint should also address whether Plaintiff lost custody after the June 21, 2024 court hearing, and plead facts concerning the "severe restrictions" on his parental rights that were allegedly imposed by Defendants.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: June 6, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE