UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY G. WILKINSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EL DORADO COUNTY HEALTH AND HUMAN SERVICES AGENCY, et al.,<br><br>　　　　　Defendants. | No. 2:24-cv-01742-TLN-SCR<br><br>**ORDER** |

This matter is before the Court on Plaintiff Kelly G. Wilkinson's ("Plaintiff") Motion for a Temporary Restraining Order. (ECF No. 9.) For the reasons set forth below, the Court DENIES Plaintiff's motion.

///

///

///

1

## I. Factual and Procedural Background

Plaintiff, proceeding pro se, seeks to "halt" a hearing regarding his parental rights under Welfare and Institutions Code § 366.26 before the El Dorado County Superior Court on October 10, 2025. (ECF No. 9-1 at 2; ECF No. 9-2 at 3.) According to Plaintiff, Defendants have scheduled the hearing to "permanently terminate [his] parental rights[.]" (ECF No. 9-1 at 2.)

Plaintiff originally filed this action on June 20, 2024. (ECF No. 1.) On June 9, 2025, the assigned magistrate judge directed Plaintiff to file an amended complaint within thirty days or file a notice of voluntary dismissal. (ECF No. 4.) Plaintiff did not respond. Plaintiff eventually responded to an order to show cause, (ECF No. 5), and requested leave to amend the complaint (ECF No. 6), which the assigned magistrate judge granted (ECF No. 7).

Plaintiff filed a First Amended Complaint on September 30, 2025, alleging his daughter was "kidnap[ed]" through the filing of a fraudulent petition, which was followed up by a protective custody warrant. (ECF No. 8 at 14.) Plaintiff further contends he was compelled into therapy, his home was unlawfully searched via a fraudulent search warrant, and his private property was seized. (*Id.* at 14–15.) Thereafter, Plaintiff alleges he was subjected to an unconstitutional gag order and was unable to communicate with his daughter. (*Id.* at 15.) Plaintiff states he then sought to challenge "the Enterprise's authority" which led to the "retaliatory" escalation of proceedings in July 2025 when Plaintiff received a "Notice of Hearing on Selection of a Permanent Plan" for October 10, 2025. (*Id.* at 15–16, 158.) Based on these allegations, Plaintiff makes the following claims: (1) violation of civil rights under 42 U.S.C. § 1983; (2) conspiracy to interfere with civil rights under 42 U.S.C. § 1985; (3) violations of the Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. § 1962(c), (d); (4) Monell liability against a municipality; and (5) breach of contract. (ECF No. 8.)

On October 6, 2025, Plaintiff filed the instant Motion for a Temporary Restraining Order to halt the hearing set for October 10, 2025. (ECF No. 9.)

## II. Standard of Law

For a temporary restraining order ("TRO"), courts consider whether Plaintiff has established: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable

2

1  harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4]
2  that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20
3  (2008). Plaintiff must "make a showing on all four prongs" of the *Winter* test. *Alliance for the*
4  *Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In evaluating a plaintiff's motion,
5  a district court may weigh plaintiff's showings on the *Winter* elements using a sliding-scale
6  approach. *Id.* at 1134–35. A stronger showing on the balance of the hardships may support
7  issuing a TRO even where the plaintiff shows that there are "serious questions going to the merits
8  . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the
9  injunction is in the public interest." *Id.* at 1135. Simply put, Plaintiff must demonstrate, "that [if]
10 serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ]
11 sharply" in Plaintiff's favor in order to succeed in a request for a TRO. *Id.* at 1134–35.

12 Eastern District of California Local Rule 231(b) also provides that "the Court will
13 consider whether the applicant could have sought relief by motion for preliminary injunction at an
14 earlier date without the necessity for seeking last-minute relief by motion for temporary
15 restraining order." Should the Court find such a delay, the Court may deny the requested TRO on
16 those grounds alone. E.D. Cal. L.R. 231(b).

17    **III.    ANALYSIS**

18 Here, Plaintiff provides the Notice of Hearing on Selection of a Permanent Plan
19 ("Notice") which indicates Plaintiff was personally served a copy of the Notice on July 10, 2025.
20 (ECF No. 9-2 at 4.) However, Plaintiff waited until four days prior to the scheduled hearing to
21 file the instant TRO. (ECF No. 9.) Plaintiff does not argue he received inadequate notice of the
22 hearing, nor does he explain why the last-minute request for relief was necessary. Instead,
23 Plaintiff appears to contend Defendants "deliberately created this compressed timeline." (*Id.* at
24 2.) Without further explanation, this argument is unavailing. Plaintiff was served with the Notice
25 on July 10, 2025, but did not file the instant TRO until October 6, 2025. The Court finds Plaintiff
26 could have sought relief by motion for a preliminary injunction at an earlier date without
27 requiring last-minute relief via a TRO. *See* E.D. Cal. L.R. 231(b). Moreover, this inexcusable
28 delay discredits the allegation of irreparable harm if the hearing were to take place. *Litinetsky v.*

*W. Coast Servicing, Inc.*, No. 2:24-CV-03417-DC-SCR, 2024 WL 5145810, at *4 (E.D. Cal. Dec. 17, 2024). Given this, the Court need not consider the remaining *Winters* factors. *See Avila v. NewRez LLC*, No. 2:24-CV-02264-TLN-CSK, 2024 WL 4382752, at *3 (E.D. Cal. Oct. 3, 2024), *appeal dismissed*, No. 25-49, 2025 WL 1008556 (9th Cir. Mar. 3, 2025) (finding similarly).

In sum, due to Plaintiff's undue delay in seeking injunctive relief without adequate explanation, the Court exercises its discretion under Local Rule 231(b) and DENIES Plaintiff's Motion for a TRO. *See Wilkinson v. PHH Mortg. Corp.*, No. 2:24-CV-01416-TLN-AC, 2024 WL 2330542, at *3 (E.D. Cal. May 22, 2024) (collecting cases).

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for a TRO, (ECF No. 9), is DENIED.

IT IS SO ORDERED.

Date: October 07, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

4