UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY G. WILKINSON,<br>Plaintiff,<br>v.<br>EL DORADO COUNTY HEALTH AND HUMAN SERVICES AGENCY, et al.,<br>Defendants. | No. 2:24-cv-01742-TLN-SCR<br><br>ORDER |

Plaintiff is proceeding pro se in this action. This matter was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Before the Court is Plaintiff's first amended complaint ("FAC") (ECF No. 8) for screening pursuant to 28 U.S.C. § 1915. The Court finds Plaintiff's FAC is legally deficient and will grant Plaintiff leave to file a second amended complaint.

## I. Background and Procedural History

Plaintiff filed his original complaint and motion to proceed in forma pauperis on June 20, 2024. ECF Nos. 1 & 2. The case was assigned to the undersigned on August 6, 2024. ECF No. 3. On June 9, 2025, the Court granted Plaintiff leave to proceed IFP, screened the complaint, and allowed Plaintiff 30 days to amend. ECF No. 4. Plaintiff did not timely file an amended complaint, and on July 24, 2025, the Court issued an order to show cause (OSC) why the action should not be dismissed.

Plaintiff filed a response to the OSC which asked for an additional 60 days to file an amended complaint. ECF No. 6. The Court granted the request, and allowed Plaintiff until September 29, 2025, to file his FAC. ECF No. 7. On September 30, 2025, Plaintiff filed the FAC. ECF No. 8. Then, on October 6, 2025, Plaintiff filed a motion for temporary restraining order (TRO). ECF No. 9. The motion for TRO sought to enjoin state court proceedings. ECF No. 9-4. Judge Nunley found that Plaintiff had unduly delayed in seeking relief and denied the motion for TRO. ECF No. 10. The Court must now screen the FAC pursuant to 28 U.S.C. § 1915(e).

**II. Screening**

**A. Legal Standard**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the

plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

**B. The Complaint**

Plaintiff's complaint is 24 pages long and includes approximately 250 pages of attachments. ECF No. 8. Plaintiff states his FAC is a "formal indictment of a Racketeer Influenced and Corrupt Organization (RICO) operating under the color of the El Dorado county government[.]" *Id*. at ¶ 1.1. Plaintiff alleges the County government is a "syndicate of un-bonded, un-oathed imposters who weaponized the stolen authority of public office" to kidnap his daughter. *Id*. The FAC alleges jurisdiction based on 42 U.S.C. § 1983 and RICO, 18 U.S.C. §1961, et seq. *Id*. at ¶ 2.1.

Plaintiff pleads that he has "exhausted all state remedies" and mentions that the California

Supreme Court has denied his petition for writ of mandate. *Id*. at ¶ 2.3. Plaintiff alleges that the *Rooker-Feldman* doctrine should not apply because the judgment came from a "counterfeit courthouse" and was presided over by an "imposter[.]" *Id*. at ¶ 2.4.1. The FAC names as Defendants more than 30 individuals, the County of El Dorado ("County"), and Does 1-100. The FAC sets forth five causes of action: 1) violation of civil rights under 42 U.S.C. § 1983; (2) conspiracy to interfere with civil rights under 42 U.S.C. § 1985; (3) violations of the Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. § 1962(c), (d); (4) *Monell* liability against a municipality; and (5) breach of contract. ECF No. 8 at ¶¶ 7.1 – 7.15. Counts I, II, III, and V are alleged collectively against all of the approximately 35 individual Defendants. Count IV is alleged only against the County. Plaintiff seeks $970 million in damages. *Id*. at ¶ 7.15. Plaintiff also requests this Court declare state court orders void; issue an "order of replevin" returning his daughter to his custody; expunge a juvenile dependency case and two criminal cases; order the County to fire various employees; and award monetary damages. *Id*. at ¶¶ 8.1 – 8.7.

**C. Analysis**

Plaintiff's FAC fails to comply with Rule 8 in that it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Instead, it names more than 35 Defendants and makes allegations against them collectively. It also includes over 200 pages of largely unnecessary exhibits. For example, Exhibit E, which is referenced as the basis for Plaintiff's breach of contract claim, does not appear to be an agreement with any of the Defendants. Instead, it is a document signed twice by Plaintiff as both the "principal and executor" and as the only witness. ECF No. 8 at 56.

By making collective allegations against 35 individual Defendants, Plaintiff's FAC is an impermissible "shotgun pleading." *See Gibson v. City of Portland*, 165 F.4th 1265, 1287-91 (9th Cir. 2026). Referring to a pleading as a shotgun pleading "describes a class of defects in complaints" which includes four main types of pleading defects:

> (1) a complaint containing multiple counts where each count adopts the allegations of

> all preceding counts, causing each successive count to be a combination of the entire complaint; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id*. at 1288. As the Ninth Circuit explained, such pleadings fail to provide defendants with adequate notice of the claims against them and to formulate a response, and they can waste scarce judicial resources. *Id.* (citations omitted). "[D]istrict courts do not have to accept such shotgun pleadings" and it is not the responsibility of the Court "to make sense of the pleading, supply facts to support the claim, or to imagine claims that might fit the facts." *Id.* at 1289.

Plaintiff's FAC contains 5 counts and each realleges and incorporates all prior paragraphs. Plaintiff's FAC names more than 30 Defendants, plus additional Doe defendants, and yet 4 of the 5 Counts are asserted collectively against "all individual Defendants." This does not put any specific Defendant on notice of the claims against them, in violation of Rule 8. *See Gibson*, 165 F.4th at 1290 ("[P]ermitting parties to file pleadings that do not tie factual averments against specific parties to individual causes of action infringes Rule 8."). As in *Gibson*, Plaintiff's pleading is deficient because, "[i]t contains multiple counts, incorporating allegations for all preceding counts; it is conclusory and vague; and it asserts multiple claims against multiple defendants without identifying who did what." *Id*. at 1291.

Plaintiff's FAC, as best can be understood, appears to be a collateral attack on child custody proceedings in state court. Plaintiff specifically seeks to have this Court overturn state court orders. See ECF No. 8 at ¶¶ 8.1 to 8.5. To that extent, the action is barred by the *Rooker-Feldman* doctrine as the state court judgments "are not subject to federal-court review under the Rooker Feldman doctrine." *See Tron-Haukebo v. County of Clallam*, No. 25-347, 2026 WL 2086197, *1 (9th Cir. July 20, 2026), citing *T.M. v. Univ. of Md. Med. Sys. Corp*., 146 S.Ct. 1739, 1748 (2026) ("*Rooker-Feldman* continues to require dismissal for want of subject matter jurisdiction" in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court

review and rejection of those judgments.") (citation modified). Additionally, federal courts lack subject matter jurisdiction to review child custody decrees under the domestic relations exception as recognized by the Supreme Court. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("We conclude, therefore, that the domestic relations exception, as articulated by this Court . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees.").

The individual counts have additional deficiencies. Count I of the FAC alleges violation of civil rights under § 1983. ECF No. 8 at 19. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). A plaintiff alleging a claim under § 1983 must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). A plaintiff alleging a claim under § 1983 must explain how specific defendants, acting under color of state law, violated his Constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff alleges in conclusory manner that Defendants violated five constitutional amendments. ECF No. 8 at ¶ 7.2. Count I mentions four individual Defendants by name, but the allegations against them are vague and conclusory, such as stating that there was a "constitutionally illegitimate tribunal" presided over by an "imposter" and "legal stranger." *Id.* at ¶ 7.3.

Count II, alleging conspiracy under § 1985, is inadequately pled. ECF No.8 at ¶¶ 7.5-7.6. Plaintiff alleges that Defendants conspired "to create a sham legal process" and deprive him of his rights. "To state a claim for conspiracy to violate constitutional rights, 'the plaintiff must state specific facts to support the existence of the claimed conspiracy.'" *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929 (9th Cir. 2004) (citation omitted). Additionally, in order to state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983. *Id.* at 930. The Court finds Plaintiff fails to state a claim in Count II.

Count III brings a claim under RICO. In addition to not containing allegations as to the

actions of any of the 35 individual Defendants, the Court does not find the allegations plausible. Plaintiff contends Defendants operated a group called the "El Dorado County Child Trafficking Enterprise" and that they kidnapped his daughter by acting through "private imposters[.]" ECF No. 8 at ¶ 7.8. In considering whether a claim is plausible, the Court may draw on experience and common sense. *See Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). A substantive civil RICO claim has five elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (citing 18 U.S.C. §§ 1964(c), 1962(c)). Plaintiff's allegations are conclusory and he does not allege a plausible RICO claim. Plaintiff also asserts in conclusory manner that Defendants conspired to violate RICO. ECF No. 8 at ¶ 7.9. But, a plaintiff's "failure to adequately plead a substantive violation of RICO precludes a claim for conspiracy." *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000)

Plaintiff's *Monell* claim in Count IV is conclusory. Plaintiff alleges no facts in paragraphs 7.10 and 7.11 but merely alleges that his injuries were caused by "official policies" and "adjudicated customs" without describing the policies or customs. At paragraphs 6.1 to 6.6, Plaintiff makes broad allegations of customs of "political corruption," "lawlessness," and "secrecy," but it unclear how these alleged policies relate to the allegations in this case, or were the moving force behind any alleged constitutional violation.

Plaintiff's Count V for breach of contract, as noted above, fails to state a claim in that it does not show that Plaintiff had a contract with any of the Defendants. Plaintiff attaches as Exhibit E the purported contract, but it is signed only by Plaintiff. Under California law, the elements of a claim for breach of contract are: 1) the existence of a contract; 2) a plaintiff's performance or excuse for nonperformance; 3) a defendant's breach; and 4) resulting damage to plaintiff. *See Reinhardt v. Gemini Motor Transport*, 879 F.Supp.2d 1138, 1143 (E.D. Cal. 2012). Plaintiff fails to state a claim for breach of contract.

The in forma pauperis statute, 28 U.S.C. § 1915(e) provides that this Court "shall dismiss

the case at any time" if it determines that the action fails to state a claim on which relief may be granted. The Court finds that Plaintiff fails to state a claim. However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Rather than recommending dismissal of the action, the undersigned will provide Plaintiff a second opportunity to amend the complaint to allege sufficient factual content to state a claim for relief that is plausible on its face.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint shall be captioned as the "second amended complaint". In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint should contain specific allegations as to the actions of each named defendant rather than making conclusory allegations that the defendants collectively violated plaintiff's rights.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint

supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the deficiencies set forth herein. Particularly, Plaintiff's complaint must comply with Rule 8, and must not be a "shotgun pleading" making allegations collectively against more than 30 Defendants.

III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff **shall have 30 days from the date of this order** to file a second amended complaint that addresses the pleading deficiencies set forth in this Order. If Plaintiff fails to timely comply with this order, the undersigned will recommend that this action be dismissed.
2. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: August 10, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE