UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY G. WILKINSON,<br>Plaintiff,<br>v.<br>EL DORADO COUNTY HEALTH AND HUMAN SERVICES AGENCY, et al.,<br>Defendants. | No. 2:24-cv-01742-TLN-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this action, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has failed to file a second amended complaint ("SAC") as directed by the Court and the Court now recommends the action be dismissed for failure to prosecute and failure to comply with Court orders.

**I. Background and Procedural History**

On June 20, 2024, Plaintiff filed a complaint and a motion to proceed in forma pauperis ("IFP"). ECF Nos. 1 and 2. On June 9, 2025, this Court granted the motion to proceed IFP and screened the complaint per the screening process required by 28 U.S.C. § 1915(e)(2). ECF No. 4. The Court found the complaint was deficient and allowed Plaintiff leave to file an amended complaint within 30 days. ECF No. 4.

Plaintiff did not timely amend, and the Court issued an order to show cause ("OSC"). ECF No. 5. Plaintiff responded to the OSC and requested additional time to amend, which the Court granted. ECF Nos. 6 & 7. In granting additional time, the Court cautioned: "Failure to

timely comply with this Order may result in dismissal of the action." ECF No. 7. Plaintiff was allowed two months, until September 29, 2025, to file the first amended complaint ("FAC"). Plaintiff filed the FAC one-day late, on September 30, 2025. ECF No. 8. Plaintiff then filed a motion for temporary restraining order, Judge Nunley denied. ECF Nos. 9 & 10.

On August 10, 2026, the Court issued an order screening the FAC. ECF No. 13. The Court found the FAC failed to comply with Rule 8. ECF No. 13 at 4. Plaintiff's FAC named more than 35 Defendants and made allegations against them collectively. *Id*. The Order allowed Plaintiff 30 days to file a second amended complaint ("SAC") that cured the deficiencies. ECF No. 13 at 9. The order further provided: "If Plaintiff fails to timely comply with this order, the undersigned will recommend that this action be dismissed." *Id*. Plaintiff's SAC was due September 9, 2026, and has not been filed.

## II. Analysis

Plaintiff has failed to comply with the Court's order. This is the second time Plaintiff has failed to timely file an amended complaint, and the Court has cautioned on multiple occasions that failure to comply with Court orders may result in dismissal. *See* ECF Nos. 4, 5, 7, & 13. The Court has considered the five factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), and concludes that dismissal is appropriate. In considering whether to dismiss a claim for failure to prosecute, the Court considers: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to defendants; 4) the availability of less drastic alternatives; and 5) the public policy favoring disposition of cases on their merits. *Id.* at 1260-61.

### 1. Public's interest in expeditious resolution of the litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This action was filed over two years ago and has not proceeded beyond screening. Plaintiff has taken no action in the case since November 2025. This factor weighs in favor of dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 641 (9th Cir. 2002) ("Given Pagtalunan's failure to pursue the case for almost four months, this factor weighs in favor of dismissal.").

**2. Court's need to manage its docket**

In evaluating this factor, the trial court "is in the best position to determine whether the delay in a particular case interferes with docket management." *Pagtalunan*, 291 F.3d at 642. This case has been on the Court's docket for over two years. The Court has expended considerable time screening Plaintiff's two prolix complaints. The original complaint with attachments was over 160 pages, and the FAC including exhibits was over 270 pages. This factor weighs in favor of dismissal, particularly given the heavy caseload in this District.

**3. Risk of prejudice to defendants**

In evaluating this factor, the Court considers whether "plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642. Limited delays and the pendency of a lawsuit are insufficient to establish prejudice. *Id.* However, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. The Court finds this factor weighs slightly in favor of dismissal.

**4. Availability of less drastic alternatives**

The Court has considered the availability of less drastic alternatives. The Court has previously issued an Order to Show Cause. The Court has cautioned on numerous occasions that Plaintiff must timely comply with Court orders. The Court finds less drastic alternatives are not available. The most severe approach would be to dismiss the action with prejudice, however the Court concludes that the less drastic alternative of dismissal without prejudice is appropriate. This factor weighs in favor of dismissal.

**5. Public policy favoring disposition of cases on the merits**

"Public policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. This factor generally always weighs against dismissal, and some cases have stated it "strongly counsels against dismissal." *Allen v. Bayer Corp. (In re Phenylpropanolamine Prods. Liab. Litig.*), 460 F.3d 1217, 1228 (9th Cir. 2006). However, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* The Court finds this factor weighs against dismissal.

**III. Conclusion**

The Court finds upon consideration of the *Ferdik* factors that dismissal of Plaintiff's claims without prejudice is appropriate.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. This action be dismissed without prejudice for failure to prosecute and failure to comply with Court orders; and
2. The Clerk be directed to enter Judgment and close this case..

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 28, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE